**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 7 |
| MICHELLE DAWN HOCKETT, | ) | |
| | ) | BK    12-30502 |
| Debtor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, | ) | |
| | ) | |
| Creditor. | ) | |

**MOTION FOR CONTEMPT AND/OR SANCTIONS
FOR VIOLATION OF DISCHARGE ORDER**

COMES NOW the Debtor, Michelle Dawn Hockett, by and through her attorneys, the Law Offices of Mueller & Haller, L.L.C., and for her Motion for Contempt and/or Sanctions for Violation of Discharge Order states as follows:

1. On March 20, 2012, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. That this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. That venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. That Aurora Bank was included as a creditor listed on Schedule D in the initial schedules filed in the bankruptcy proceeding for a first mortgage on the real estate located at 307 North State Street, Sorento, Illinois with account number ending in 1452.

6. That Chapter 7 Individual Debtor's Statement of Intention in the initial schedules filed in the bankruptcy proceeding indicated that the real estate located at 307 North State Street, Sorento, Illinois was to be surrendered.

7. That Aurora Bank received notice of the bankruptcy filing and the Chapter 7 341 meeting from documents mailed by the Bankruptcy Court.

8. That on March 29, 2012, Attorney Kenneth VanNorwick filed an Entry of Appearance and Request for Notice on behalf of Aurora Bank.

9. That on April 25, 2012, Attorney Kenneth VanNorwick filed a Motion for Relief from Stay on behalf of Aurora Bank.

10. That on April 27, 2012, the Chapter 7 341 Meeting of Creditors in this case was held in East St. Louis, Illinois.

11. That on May 18, 2012, the Court entered an Order Granting Aurora Bank's Motion for Relief from Stay.

12. That on June 21, 2012, the Debtor left a message for counsel's staff.

13. That on June 21, 2012, counsel's staff returned the Debtor's call. The Debtor advised counsel's staff that Aurora Bank sent her a letter stating the mortgage loan was being transferred.

14. That on July 2, 2012, the Court entered the Order Discharging Chapter 7 Debtor.

15. That on July 17, 2012, the Court entered the Order Closing Case.

16. That on July 17, 2012, the Court closed the Debtor's bankruptcy case.

17. That on July 31, 2012, the Debtor left a message for counsel's staff.

18. That on August 1, 2012, counsel's staff returned the Debtor's call. The Debtor advised counsel's staff that she received a letter regarding the mortgage loan. Counsel's staff requested the Debtor provide counsel's office with a copy of the letter received.

19. That on August 1, 2012, the Debtor provided counsel with a Mortgage Loan Statement,

dated July 24, 2012, received from Nationstar Mortgage for the property located at 307 North State Street, Sorento, Illinois.  Said Statement indicated that there was an amount of $10,040.18, which consisted of $468.97 for principal and interest, $288.72 for escrow, $8,428.94 for past due payments, $106.05 for unpaid late charges, and $747.50 for lender paid expenses.  Said Statement indicated the $747.50 for lender paid expenses consisted of $637.50 in legal fees, $50.00 in property inspections, and $60.00 in maintenance.  Further, said Statement indicated the $10,040.18 was due by August 1, 2012 and the amount of $10,058.94 was due if the payment was received on or after August 17, 2012.

20. That on August 20, 2012, Debtor's counsel's staff sent a letter to Nationstar Mortgage.  Said letter advised Nationstar Mortgage of the bankruptcy filing, the inclusion of the debt owed to Aurora Bank in the bankruptcy filing, and the discharge and closing of the bankruptcy case.  Said letter further advised that if Nationstar Mortgage continued to attempt to collect on the discharged debt, then a Motion for Sanctions would be filed with the Bankruptcy Court.  Said letter was carbon copied to Aurora Bank.  Attached to said letter were the July 24, 2012 Mortgage Loan Statement, Schedule D, the Chapter 7 Individual Debtor's Statement of Intention, the May 18, 2012 Order Granting Aurora Bank's Motion for Relief from Stay, the  July 2, 2012 Order Discharging Chapter 7 Debtor, and the July 17, 2012 Order Closing Case.

21. That on October 29, 2012, the Debtor advised counsel's staff that she is still receiving bills from Nationstar Mortgage.  Counsel's staff requested she provide counsel's staff with copies of the bills received.

22. That on November 14, 2012, the Debtor's counsel's staff received a letter from the

Debtor advising that the Nationstar Mortgage was continuing to send her letters and bills regarding the discharged debt. Further, said letter advised the Debtor had contacted the creditor in an attempt to have the letters and bills stopped, but was treated disrespectfully by the customer service representative named "Crystal." Attached to said letter was a copy of a letter the Debtor prepared, but did not send to Nationstar Mortgage regarding the discharged debt and the disrespectful customer service representative.

23. That on November 14, 2012, the Debtor provided counsel's staff with a copy of a letter, dated November 10, 2012, received from Harwood Service Company. Said letter advised that "Nationstar Mortgage has encouraged you to purchase your own insurance coverage to ensure that your property is adequately protected" and offering insurance through Harwood Service Company, LLC, which is an affiliate Nationstar Mortgage."

24. That on November 14, 2012, the Debtor provided counsel's staff with a Final Notice, dated November 10, 2012, received from Nationstar Mortgage. Said Notice indicated that Nationstar Mortgage had not received proof of current insurance coverage and a sixty day binder had been obtained through American Security Insurance Company. Further, said Notice indicated that Nationstar Mortgage must receive proof of insurance coverage within 30 days. Attached to said Notice was a copy of the Insurance Binder, dated November 10, 2012, from American Security Insurance Company indicating Nationstar Mortgage had obtained insurance coverage for the property located at 307 North State Street, Sorento, Illinois in the Debtor's name as Mortgagor. Attached to said Notice was a copy of Nationstar mortgage's Property Insurance Requirements.

25. That on November 14, 2012, the Debtor provided counsel's staff with an Annual Escrow

Account Disclosure Statement, dated October 9, 2012, received from Nationstar Mortgage. Said Statement indicated that the monthly mortgage payment was decreasing from $776.56 to $745.61 effective with the payment due December 1, 2012.

26. That on November 14, 2012, the Debtor provided counsel with a Mortgage Loan Statement, dated October 18, 2012, received from Nationstar Mortgage for the property located at 307 North State Street, Sorento, Illinois. Said Statement indicated that there was an amount of $13,391.75, which consisted of $468.97 for principal and interest, $307.59 for escrow, $10,702.01 for unpaid monthly payments, $162.33 for unpaid late charges, and $1,750.85 for lender paid expenses. Said Statement indicated the $1,750.85 for lender paid expenses consisted of $925.00 for legal fees, $90.00 for property inspections, $360.85 for maintenance, and $375.00 for repairs. Further, said Statement indicated the $13,391.75 was due by November 1, 2012 and the amount of $13,410.51 was due if the payment was received on or after November 17, 2012.

31. As a result of the conduct of Nationstar Mortgage, the Debtor has filed this Motion for Contempt and/or Sanctions to pursue discharge violations and other relief against Nationstar Mortgage in this proceeding.

27. As a result of the failure of Nationstar Mortgage to abide by the discharge injunction, the Debtor has found it necessary to devote unnecessary hours to efforts to resolve the matter and that all of this time was unwarranted and unnecessary.

28. The Debtor has worried about this situation and has feared that Nationstar Mortgage has some improper motive for continuing to collect on a discharged debt.

29. That Debtor's counsel has made efforts to try to resolve this matter without the need to

file a motion with the Court.

30. The conduct of Nationstar Mortgage in this case has substantially frustrated the discharge injunction in effect in this case and has caused the Debtor unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

31. As a result of the above violation of 11 U.S.C. §727, Nationstar Mortgage is liable to the Debtor for actual damages, punitive damages, and legal fees under Section 105 of Title 11 of the United States Code.

32. In order to protect debtors who have filed for relief under the Bankruptcy Code, this Court should impose sanctions against Nationstar Mortgage for its misconduct in this case.

WHEREFORE the Debtor having set forth her claims for relief against Nationstar Mortgage respectfully pray of the Court as follows:

A. That the Debtor has and recovers against Nationstar Mortgage a sum to be determined by the Court in the form of actual damages;

B. That the Debtor has and recovers against Nationstar Mortgage a sum to be determined by the Court in the form of punitive damages;

C. That the Debtor has and recovers against Nationstar Mortgage all reasonable legal fees and expenses incurred in pursuit of this Motion;

D. That Nationstar Mortgage be prohibited from collecting fees and costs associated with defending this action;

F. That the Debtor has such other and further relief as the Court may deem just and proper.

                MICHELLE DAWN HOCKETT,

                By:  /s/ William A. Mueller
                William A Mueller-#06187732
                James J Haller-#06226796
                Rachel A. Hill-#51818
                Attorneys for Debtor
                5312 West Main Street
                Belleville, Illinois 62226
                (618) 236-7000

**NOTICE OF ELECTRONIC FILING AND**
**CERTIFICATE OF SERVICE BY MAIL**

| | | |
|---|---|---|
| STATE OF ILLINOIS ) | | BK    12-305002 |
| ) SS | | |
| CITY OF BELLEVILLE ) | | Chapter 7 |

Krista Doiron, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On November 19, 2012, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order**.

The Deponent served electronically the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order** to the following parties:

US Trustee

Dana Frazier

Kenneth VanNorwick

and served by mail to the following parties:

| | | |
|---|---|---|
| Michelle Dawn Hockett<br>723 St John<br>Greenville IL 62246 | Nationstar Mortgage<br>PO Box 650783<br>Dallas TX 75265 | Peter Smith, LLC Manager<br>Nationstar Mortgage<br>350 Highland Dr<br>Lewisville TX 75067 |
| Anthony H Barone, LLC Manager<br>Nationstar Mortgage<br>350 Highland Dr<br>Lewisville TX 75067 | Nationstar Mortgage<br>c/o IL Corp Service Co, Reg Agent<br>801 Adlai Stevenson Dr<br>Springfield IL 62703 | Aurora Bank<br>PO Box 78111<br>Phoenix AZ 85062-8111 |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.    By: /s/ Krista Doiron