**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 7 |
| MICHELLE DAWN HOCKETT, | ) | |
| | ) | BK    12-30502 |
| Debtor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, | ) | |
| | ) | |
| Creditor. | ) | |

**SECOND MOTION FOR CONTEMPT AND/OR**
**SANCTIONS FOR VIOLATION OF DISCHARGE ORDER**

COMES NOW the Debtor, Michelle Dawn Hockett, by and through her attorneys, Law Offices of Mueller and Haller, L.L.C., and for her Second Motion for Contempt and/or Sanctions for Violation of Discharge Order states as follows:

1. That on March 20, 2012, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

2. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. That this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. That venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. That Aurora Bank was included as a creditor listed on Schedule D in the initial schedules filed in the bankruptcy proceeding for a first mortgage on the real estate located at 307 North State Street, Sorento, Illinois with account number ending in 1452.

6. That the Chapter 7 Individual Debtor's Statement of Intention in the initial schedules filed in the bankruptcy proceeding indicated that the real estate located at 307 North State

1

Street, Sorento, Illinois was to be surrendered.

7. That Aurora Bank received notice of the bankruptcy filing and the Chapter 7 341 meeting from documents mailed by the Bankruptcy Court.

8. That on April 25, 2012, Attorney Kenneth VanNorwick filed a Motion for Relief from Stay on behalf of Aurora Bank.

9. That on May 18, 2012, the Court entered an Order Granting Aurora Bank's Motion for Relief from Stay.

10. That on July 2, 2012, the Court entered the Order Discharging Chapter 7 Debtor.

11. That on July 17, 2012, the Court entered the Order Closing Case.

12. That on November 19, 2012, the Debtor filed her Motion to Reopen Case in order to file a Motion for Contempt and/or Sanctions against Nationstar Mortgage for their failure to comply with the Discharge Order.

13. That on November 19, 2012, the Debtor filed her Motion for Contempt and/or Sanctions.

14. That on December 20, 2012, an Order was entered on Debtor's Motion for Contempt and/or Sanctions.  The Creditor, Nationstar Mortgage, was ordered to refrain from all attempts to collect on the debt personally and individually against the Debtor, including, but not limited to, contacting the Debtor.

15. That the Creditor, Nationstar Mortgage, has continued to contact the Debtor numerous times by letters and/or statements in an attempt to collect on the debt in the bankruptcy despite Debtor's counsel's letter advising of the bankruptcy filing and request to cease their collection efforts and despite Debtor having filed her previous Motion for Contempt and/or Sanctions.

16. That as a result of the conduct of Nationstar Mortgage, the Debtor has filed this Motion for Contempt and/or Sanctions to pursue discharge violations and other relief against Nationstar Mortgage in this proceeding.

17. That as a result of the failure of Nationstar Mortgage to abide by the discharge injunction and this Court's December 20, 2012 Order, the Debtor has found it necessary to devote unnecessary hours to efforts to resolve the matter and that all of this time was unwarranted and unnecessary.

18. That the Debtor has worried about this situation and has feared that Nationstar Mortgage has some improper motive for continuing to collect on a discharged debt.

19. That the conduct of Nationstar Mortgage in this case has substantially frustrated the discharge injunction in effect in this case and has caused the Debtor unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

20. That as a result of the above violation of 11 U.S.C. §727, Nationstar Mortgage is liable to the Debtor for actual damages, punitive damages, and legal fees under Section 105 of Title 11 of the United States Code.

21. That in order to protect debtors who have filed for relief under the Bankruptcy Code, this Court should impose sanctions against Nationstar Mortgage for its misconduct in this case.

WHEREFORE the Debtor having set forth her claims for relief against Nationstar Mortgage respectfully pray of the Court as follows:

A. That the Debtor has and recovers against Nationstar Mortgage a sum to be determined

by the Court in the form of actual damages;

B. That the Debtor has and recovers against Nationstar Mortgage a sum to be determined by the Court in the form of punitive damages;

C. That the Debtor has and recovers against Nationstar Mortgage all reasonable legal fees and expenses incurred in pursuit of this Motion;

D. That Nationstar Mortgage be prohibited from collecting fees and costs associated with defending this action;

F. That the Debtor has such other and further relief as the Court may deem just and proper.

                                      MICHELLE DAWN HOCKETT,

                                      By:  /s/ William A. Mueller  
                                      William A Mueller-#06187732  
                                      James J Haller-#06226796  
                                      Rachel A. Hill-#51818  
                                      Attorneys for Debtor  
                                      5312 West Main Street  
                                      Belleville, Illinois 62226  
                                      (618) 236-7000

**NOTICE OF ELECTRONIC FILING AND**
**CERTIFICATE OF SERVICE BY MAIL**

| | | | |
|---|---|---|---|
| STATE OF ILLINOIS | ) | BK | 12-30502 |
| | ) SS | | |
| CITY OF BELLEVILLE | ) | Chapter 7 | |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On February 10, 2014, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order**.

The Deponent served electronically the **Motion for Contempt and/or Sanctions for Violation of the Discharge Order** to the following parties:

US Trustee

Dana Frazier

and served by mail to the following parties:

| | | |
|---|---|---|
| Michelle Dawn Hockett<br>723 St. John<br>Greenville, IL 62246 | Anthony H. Barone, LLC Manager<br>Nationstar Mortgage<br>350 Highland Dr.<br>Lewisville, TX 75067 | Peter Smith, LLC Manager<br>Nationstar Mortgage<br>350 Highland Dr.<br>Lewisville, TX 75067 |
| Nationstar Mortgage<br>c/o IL Corp Service Co., Reg Agent<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703 | Aurora Bank<br>PO Box 78111<br>Phoenix, AZ 85062 | Nationstar Mortgage<br>Kenneth VanNorwick<br>223 W. Jackson Blvd., Ste. 610<br>Chicago, IL 60606 |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.        By: /s/ Jennifer Schweiger